KELLEY DRYE & WARREN LLP
  Michael J. O'Connor (STATE BAR NO. 90017)
  Edward E. Weiman (STATE BAR NO. 193290)
10100 Santa Monica Boulevard, Twenty-Third Floor
Los Angeles, California 90067-4008
Telephone: (310) 712-6100
Facsimile: (310) 712-6199
moconnor@kelleydrye.com
eweiman@kelleydrye.com

KELLEY DRYE & WARREN LLP
  Ira T. Kasdan (admission *pro hac vice* pending)
3050 K Street NW, Suite 400
Washington, DC 20007
Telephone: (202) 342-8864
Facsimile: (202) 342-8451
ikasdan@kelleydrye.com

FULBRIGHT & JAWORSKI, L.L.P.
  Theodore M. Shaw (STATE BAR NO. 139123)
666 Fifth Avenue
New York, NY 10103-3198
Telephone:  (212) 318-3000
Facsimile:  (212) 318-3400
tshaw@fulbright.com

FULBRIGHT & JAWORSKI L.L.P.
  Richard R. Mainland (STATE BAR NO. 36055)
555 S. Flower Street, Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (310) 892-9494
rmainland@fulbright.com

Attorneys for SeaWorld Parks & Entertainment, Inc.
and Sea World LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TILIKUM, KATINA, CORKY, KASATKA, AND ULISES, five orcas,<br><br>Plaintiffs,<br><br>by their Next Friends, People for the Ethical Treatment of Animals, Inc., Richard "Ric" O'Barry, Ingrid N. Visser, Ph.D., Howard Garrett, Samantha Berg, and Carol Ray,<br><br>v. | CASE NO. 11-CV-2476 JM WMC<br><br>(The Honorable Jeffrey T. Miller)<br><br>**UNOPPOSED** *EX PARTE* **APPLICATION OF DEFENDANTS SEAWORLD PARKS & ENTERTAINMENT, INC. AND SEA WORLD LLC FOR LEAVE TO FILE A RESPONSE TO THE MEMORANDUM OF** *AMICUS CURIAE* **CENTER FOR THE EXPANSION OF FUNDAMENTAL HUMAN RIGHTS, INC.; MEMORANDUM OF POINTS AND** |

| | |
|---|---|
| 1  SEAWORLD PARKS & ENTERTAINMENT, INC. AND SEAWORLD, LLC,<br>2<br>3           Defendants.<br>4<br>5 | **AUTHORITIES IN SUPPORT THEREOF**<br><br>[*Declaration of Edward E. Weiman; and [Proposed] Order filed concurrently herewith*]<br><br>Action Filed:   October 25, 2011<br>Trial Date:      None set |

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Local Rule 83.3(h), Defendants SeaWorld Parks & Entertainment, Inc. and Sea World LLC (collectively, "SeaWorld") hereby apply *ex parte* for an order allowing SeaWorld to file a response to the memorandum of *amicus curiae* Center for the Expansion of Fundamental Rights.  This application is based on the this Notice of *Ex Parte* Application, the attached Memorandum of Points and Authorities, the Declaration of Edward E. Weiman, the pleadings and papers on file in this action, and on any further evidence and argument as the Court may consider.

Dated:  February 2, 2012

  /s/ Edward E. Weiman                           

KELLEY DRYE & WARREN LLP
Michael J. O'Connor (STATE BAR NO. 90017)
Edward E. Weiman (STATE BAR NO. 193290)
10100 Santa Monica Boulevard, 23rd Floor
Los Angeles, California 90067-4008
Telephone: (310) 712-6100
Facsimile: (310) 712-6199
moconnor@kelleydrye.com
eweiman@kelleydrye.com

KELLEY DRYE & WARREN LLP
Ira T. Kasdan (admission *pro hac vice* pending)
3050 K Street NW, Suite 400
Washington, DC 20007
Telephone: (202) 342-8864
Facsimile: (202) 342-8451
ikasdan@kelleydrye.com

  /s/ Richard R. Mainland                           

FULBRIGHT & JAWORSKI, L.L.P.
Theodore M. Shaw (STATE BAR NO. 139123)
666 Fifth Avenue
New York, NY 10103-3198
Telephone:  (212) 318-3000
Facsimile:  (212) 318-3400
tshaw@fulbright.com

FULBRIGHT & JAWORSKI, L.L.P.
Richard R. Mainland (STATE BAR NO. 36055)
555 S. Flower Street, Forty-First Floor
Los Angeles, California  90171
Telephone:  (213) 892-9200
Facsimile: (310) 892-9494
rmainland@fulbright.com

*Attorneys for Defendants*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

By this application, Defendants SeaWorld Parks & Entertainment, Inc. and Sea World LLC (collectively, "SeaWorld") hereby seek an order granting SeaWorld leave to file a response to the memorandum of *amicus curiae* Center for the Expansion of Fundamental Rights ("CEFR"). Good cause exists to grant this *ex parte* relief.[1]

First, the CEFR memorandum raises additional issues that SeaWorld did not address in its Motion to Dismiss, but which may affect the Court's ruling thereon. To the extent that this Court is inclined to entertain the arguments contained in the CEFR memorandum, due process requires that, at a minimum, SeaWorld be afforded the opportunity to address those arguments in writing.

Second, *ex parte* relief is necessary and justified because the hearing on SeaWorld's Motion to Dismiss is scheduled to take place in just four (4) days, on Monday, February 6, 2012. Despite the clear requirements set forth in Local Rule 7.1(e)(1), CEFR did not provide the requisite twenty-eight (28) day notice period when it filed its *amicus curiae* memorandum. Accordingly, having been denied the full time period in which to file a response to CEFR's *amicus curiae* memorandum, SeaWorld's only remedy is to seek *ex parte* relief.

Based on the foregoing, SeaWorld respectfully requests that this Court grant it leave file a response to the memorandum of *amicus curiae* CEFR.

## II.

## RELEVANT PROCEDURAL HISTORY

Plaintiffs People for the Ethical Treatment of Animals, Inc., Richard "Ric" O'Barry, Ingrid N. Visser, Ph.D., Howard Garrett, Samantha Berg, and Carol Ray (collectively, "PETA"), as "Next Friends" of the killer whales, *i.e.*, the orcas, known as Tilikum, Katina, Corky, Kasatka, and

---

[1] Pursuant to Local Rule 83.3(h)(2), counsel for SeaWorld informed Matthew Strugar (counsel for Plaintiffs) and Steven Wise (counsel for CEFR) of SeaWorld's intention to file this *ex parte* application. Declaration of Edward E. Weiman ("Weiman Decl."), ¶ 2, Ex. A. Both Mr. Strugar and Mr. Wise consented to the filing. *Id.* at ¶ 3.

Ulises (the "Orcas") (collectively, "Plaintiffs") filed this action for declaratory and injunctive relief against SeaWorld on October 25, 2011. (Doc. 1.) The Complaint is premised on the allegation that SeaWorld enslaves the Orcas in violation of the Thirteenth Amendment. (*See, generally, id.*) On December 19, 2011, SeaWorld moved to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the Thirteenth Amendment applies only to humans, and that each of the Plaintiffs lacked standing to bring the claims alleged in the Complaint. (Doc. 11-1.) The Court set SeaWorld's motion for hearing on February 6, 2012. (Doc. 9.)

On January 17, 2012, CEFR served SeaWorld by mail with an untimely Motion for Leave to Appear as *Amicus Curiae* and Declaration of Steven M. Wise (the "CEFR Motion"), along with a proposed *amicus curiae* memorandum purporting to respond to the Complaint (the "CEFR Memorandum"). Weiman Decl., ¶ 3; Doc. 20-1. On January 23, 2012, SeaWorld filed an objection to the CEFR Motion on the ground that, *inter alia*, the CEFR Motion was untimely. (Doc. 16.) In particular, CEFR filed the motion in violation of Local Rule 7.1(e)(1), which requires "a minimum filing date of twenty-eight (28) days prior to the date for which the matter is noticed." S.D. Cal. L.R. 7.1(e)(1). CEFR also failed to comply with Local Rule 7.1(b) and this Court's Chambers' Rules, which require that a party secure a valid hearing date for a motion *prior* to filing. S.D. Cal. L.R. 7.1(b); Standing Rules for Civil Matters, at ¶ 1. Instead, CEFR unilaterally noticed its motion for hearing on February 6, 2012, which date was only seventeen (17) days after the effective date of service of the motion on SeaWorld. (Doc. 16; Doc 20-1.)

On January 24, 2012, this Court issued an Order Granting in Part and Denying in Part Application for Leave to Appear as *Amicus Curiae* (Doc. 21) and accepted the CEFR Motion *nunc pro tunc* to January 18, 2012. (Doc. 20.) The Court's order further instructed the Clerk of Court to file the CEFR Memorandum as of January 18, 2012. (Doc. 21.)

### III.

### ARGUMENT

Courts have broad discretion to grant non-parties amicus status in order to avail themselves of the benefits of legal arguments of *amici curiae*. *Gerritsen v. de la Madrid Hurtado*, 819 F.2d

1511, 1514 (9th Cir. 1987).  The "classic role" of *amicus curiae* is to "assist[] in a case of general public interest, supplement[] the efforts of counsel, and draw[] the court's attention to law that escaped consideration."  *Miller-Wohl Co., Inc. v. Comm'nr of Labor and Indus. State of Mont*. , 694 F.2d 203, 204 (9th Cir. 1982).  In this regard, federal courts have generally recognized that a party should be afforded the right to respond to additional arguments raised by *amici curiae*.  *See, e.g., City of New York v. Permanent Mission of India*, 618 F.3d 172, 179 (2d Cir. 2010) (granting parties leave to respond to amicus brief filed by United States Government and allowing the Government to reply to parties' responses); *U.K. Ministry of Defence v. Trimble Navigation Ltd.*, 422 F.2d 165, 167 n.1 (4th Cir. 2005) (permitting parties to respond to arguments raised in amicus brief filed by United States Government); *Reserve Life Ins. Co. v. Provident Life Ins. Co.*, 499 F.2d 715, 718 (8th Cir. 1974) (granting parties leave to file response to amicus brief of Securities and Exchange Commission); *Jano Justice Sys. v. Burton*, 2010 U.S. Dist. LEXIS 49999, *7 (C.D. Ill. May 20, 2010) (granting parties leave to respond to amicus brief).  Indeed, at a minimum, procedural due process requires that a party be given notice and opportunity to respond in writing to motions which may affect its rights.  *Hudson v. Moore Bus. Forms, Inc.*, 898 F.2d 684, 686 (9th Cir. 1990).

Here, the CEFR Memorandum raises issues that SeaWorld did not address in its Motion to Dismiss, but which may affect the Court's ruling thereon.  Specifically, CEFR contends that the viability of the Complaint rests on two threshold determinations, specifically (1) whether the Orcas have capacity to sue under Rule 17(b) of the Federal Rules of Civil Procedure and the law of Iceland or British Columbia; and (2) whether the Orcas are "incompetent persons" under Rule 17(c). (Doc. 21 at 4, 7, 10.)  Due process requires that, at a minimum, SeaWorld have the opportunity to address CEFR's arguments in writing.

Further, *ex parte* relief is necessary and justified because the hearing on SeaWorld's Motion to Dismiss is only four (4) days away, on February 6, 2012.  Since any response by SeaWorld to the CEFR Memorandum may bear on the issues raised during oral argument on SeaWorld's Motion, it is in the interest of all parties that SeaWorld should be permitted to file its response in advance of the hearing.

## IV.

## **CONCLUSION**

For the reasons set forth above, SeaWorld respectfully requests that this Court grant it leave file a response to the CEFR Memorandum.

Dated:  February 2, 2012

 /s/ Edward E. Weiman

KELLEY DRYE & WARREN LLP
Michael J. O'Connor (STATE BAR NO. 90017)
Edward E. Weiman (STATE BAR NO. 193290)
10100 Santa Monica Boulevard, 23rd Floor
Los Angeles, California 90067-4008
Telephone: (310) 712-6100
Facsimile: (310) 712-6199
moconnor@kelleydrye.com
eweiman@kelleydrye.com

KELLEY DRYE & WARREN LLP
Ira T. Kasdan (admission *pro hac vice* pending)
3050 K Street NW, Suite 400
Washington, DC 20007
Telephone: (202) 342-8864
Facsimile: (202) 342-8451
ikasdan@kelleydrye.com

 /s/ Richard R. Mainland

FULBRIGHT & JAWORSKI, L.L.P.
Theodore M. Shaw (STATE BAR NO. 139123)
666 Fifth Avenue
New York, NY 10103-3198
Telephone:  (212) 318-3000
Facsimile:  (212) 318-3400
tshaw@fulbright.com

FULBRIGHT & JAWORSKI, L.L.P.
Richard R. Mainland (STATE BAR NO. 36055)
555 S. Flower Street, Forty-First Floor
Los Angeles, California  90171
Telephone:  (213) 892-9200
Facsimile: (310) 892-9494
rmainland@fulbright.com

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

The undersigned certifies that on February 2, 2012, he caused the foregoing <u>UNOPPOSED</u> **EX PARTE APPLICATION OF DEFENDANTS SEAWORLD PARKS & ENTERTAINMENT, INC. AND SEA WORLD LLC FOR LEAVE TO FILE A RESPONSE TO THE MEMORANDUM OF AMICUS CURIAE CENTER FOR THE EXPANSION OF FUNDAMENTAL HUMAN RIGHTS, INC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** to be electronically filed with the Court using the CM/ECF system, and a copy of the same to be served on the following:

- Plaintiffs, by serving their counsel below through the Court's electronic notification system:

| | |
|---|---|
| Jeffrey S. Kerr, Esq. | Philip J. Hirschkop, Esq. |
| Martina Bernstein, Esq. | HIRSCHKOP & ASSOCIATES P.C. |
| PETA FOUNDATION | 1101 King Street, Suite 610 |
| 1536 16th Street, N.W. | Alexandria, VA  22314 |
| Washington, DC  20036 | pjhirschkop@aol.com |
| JeffK@petaf.org | |
| MartinaB@petaf.org | |

Matthew Sturgar, Esq.
PETA FOUNDATION
2154 W. Sunset Blvd.
Los Angeles, CA  90026
Matthew-s@petaf.org

- and non-party Center For The Expansion of Fundamental Rights, Inc., by serving its counsel below through postage prepaid first-class U.S. mail:

Steven M. Wise, Esq.
CENTER FOR THE EXPANSION
 OF FUNDAMENTAL RIGHTS, INC.
5195 NW  112th Terrace
Coral Springs, FL  33076
swise@nonhumanrights.org

DATED:  February 2, 2012

KELLEY DRYE & WARREN LLP
Michael J. O'Connor
Edward E. Weiman

By:   /s/ Edward E. Weiman
        Edward E. Weiman

Attorneys for Defendants SeaWorld Parks
& Entertainment, Inc. and SeaWorld, LLC